IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOANN STAFFORD ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:05cv346 |
| v. ) | Judge Thomas Wiseman |
| ) | Magistrate Judge Knowles |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. | |

**MEMORANDUM ORDER**

The case was referred to United States Magistrate Judge E. Clifton Knowles pursuant to 28 U.S.C. § 636(b)(1)(B). Thereafter, Plaintiff Joann Stafford filed a motion for Judgment on the Administrative Record seeking entry of judgment in his favor on the grounds that the Administrative Law Judge's ("ALJ") determination was not supported by substantial evidence. (Doc. No. 7.) The Commissioner of Social Security ("Commissioner" or "Defendant") filed a response opposing Plaintiff's motion. (Doc. No. 11.) Magistrate Judge Knowles filed a Report and Recommendation ("R&R") (Doc. No. 13) recommending that the Plaintiff's motion be denied and that the decision of the Commissioner be affirmed. Plaintiff has filed a timely objection to the Magistrate's R&R. (Doc. No. 14.)

Plaintiff's objects to the Magistrate Judge's R&R on the ground that the ALJ failed to properly apply the treating source rule to her claims of disability due to severe breathing difficulties, a condition that has been diagnosed as chronic obstructive pulmonary disease ("COPD"). Plaintiff does not specifically object to the Magistrate Judge's R&R as it pertains to her claims for disability due to carpal tunnel syndrome and other musculo-skeletal ailments, but asserts generally that the decision is not supported by substantial evidence. Defendant Commissioner filed no response to Plaintiff's objections.

The Court has reviewed *de novo* the entire record and the pleadings, with particular attention to those portions of the record that are relevant to Plaintiff's objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court hereby adopts in part Magistrate Judge Knowles' R&R in so far as it pertains to Plaintiff's claims for her claims for disability due solely to carpal tunnel syndrome and other musculo-skeletal conditions. However, for the reasons stated herein, the Court also finds that Plaintiff's objection to the

Magistrate Judge's R&R as it relates to Plaintiff's claims of disability due to her COPD coupled with her other medical conditions is well taken and some of the ALJ's findings are not supported by substantial evidence. Accordingly, the Court GRANTS Plaintiff's Motion for Judgment on the Administrative Record (Doc. No. 7). The Commissioner's decision denying benefits is hereby REVERSED and this matter REMANDED for further proceedings consistent with this opinion.

## I. INTRODUCTION

### A. Procedural History

Plaintiff filed her current application for disability insurance benefits ("DIB") on November 9, 2001, alleging disability due to left shoulder/neck injury, carpal tunnel syndrome, a foot injury, lower back pain, shortness of breath, degenerative disc disease, and medication side-effects that include drowsiness. The application was denied at both the initial review and reconsideration of the administrative decision. Plaintiff requested and received a *de novo* hearing before an ALJ on May 17, 2004. (Tr. 260-293.) On October 28, 2004, the ALJ issued a written decision stating that Plaintiff was not disabled and, as a result, was not qualified to receive the benefits sought. (Tr. 10-19.) The following findings were articulated:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 C.F.R. § 404.1520(b).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 C.F.R. § 404.1527).

7. The claimant has the following residual functional capacity: medium work. The claimant is able to lift 50 pounds occasionally and 25 pounds frequently. She can stand/walk for six houts [*sic*], and sit for six houts [*sic*] in an eight hour workday. She is unable to use the hands [*sic*] for repetitive gripping, grasping, or wrist movements. The claimatn [*sic*] is limited in her abiity [*sic*] to hear. She should avoid concnetrated [*sic*] exposure to noise, vibratiion [*sic*], gumes [*sic*], odors, dusts, gases, and poor ventilation.

2

8. The claimant's past relevant work as a garment inspector did not require the performance of work-related activities precluded by her residual function capacity (20 CRF § 404.1565).

9. The claimant's medically determinable bilateral carpal tunnel syndrome status post releases do not prevent the claimant from performing her past relevant work.

10. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. § 404.1520(e)).

(Tr. 18-19; Doc. No. 13, at 2-3.) On April 2, 2005, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 5-8), thereby rendering that decision the final decision of the Commissioner.

This civil action was thereafter timely filed and the Court has jurisdiction pursuant to 42 U.S.C. § 405(g). This case was referred to United States Magistrate Judge Knowles for consideration. Thereafter, Plaintiff filed a Motion for Judgment on the Administrative Record (Doc. No. 7), seeking reversal of the Commissioner's decision denying benefits. The Commissioner filed a Response to Plaintiff's Motion for Judgment on the Administrative Record (Doc. No. 11) requesting that the Commissioner's decision be affirmed.

Magistrate Judge Knowles filed a thorough and thoughtful forty-page R&R on September 7, 2006, recommending that Plaintiff's motion be denied and the findings of the Commissioner be affirmed. (Doc. No. 13.) In response to Plaintiff's five points of contention on appeal, Magistrate Judge Knowles found that (1) "the record in the case is replete with doctors' evaluations, medical assessments, and test results that were properly considered by the ALJ, and that constitute substantial evidence on which he based his decision;" (2) the ALJ "considered the record as a whole" and "properly relied on the [Vocational Expert's] answer that Plaintiff could perform her past relevant work as a garment inspector;" (3) the ALJ identified contradictions among the substantial evidence presented and reasonably determined that the "record did not support [the treating physician's, Dr. Reed,] limitations and declined to accord Dr. Reed's opinion controlling weight;" (4) the ALJ's decision "to rely on medical findings that were inconsistent with Plaintiff's allegations . . . is within the ALJ's province;" and (5) "the ALJ is not bound by the findings of the state Workers' Compensation judge" and therefore properly determined "that Plaintiff was not disabled within the meaning of the Social Security Act and Regulations" based upon substantial evidence. (Doc. No. 13, at 29-39.)

Plaintiff timely filed objections to the R&R issued by Magistrate Judge Knowles. (Doc. No. 14.) The

3

matter is now before this Court.

### B. Factual Background

The facts of this case are fully detailed in the R&R submitted by Magistrate Judge Knowles. (Doc. No. 13, at 3-26.) Briefly, Plaintiff filed for DIB for disability due to alleged bilateral carpal tunnel syndrome, shortness of breath, and disorders of the lumbar spine. (Tr. 14.)

Dr. Floyd Reed, Jr. ("Dr. Reed") began treating Plaintiff in 1989. (Tr. 111.) Over the next 13 years, Dr. Reed treated Plaintiff for various ailments, including shoulder pain (1989-1991), asthmatic bronchitis (1994, 2002), sinusitis (1996), allergies (1994-2002), tendinitis in her left foot and both wrists (1996-2002), back pain (1996-2002), and carpal tunnel syndrome (1997-2002). (Tr. 214-41.) Based on the record it appears that Dr. Reed stopped treating Plaintiff in 2002 and began treating her again shortly before she filed for DIB in 2004.

In 1997, Dr. Reed referred Plaintiff to two other physicians regarding Plaintiff's carpal tunnel syndrome. One, Dr. Jeffrey Hazlewood, opined that Plaintiff had "carpal tunnel syndrome, fairly significant in degree with thenar eminence denervation bilaterally, right greater than left." (Tr. 112.) Dr. Hazlewood recommended that Plaintiff seek an orthopaedic hand surgeon for "possible carpal tunnel releases." Dr. Reed then referred Plaintiff to Dr. Paul Abbey ("Dr. Abbey"). Dr. Abbey acknowledged that the nerve conduction study test performed by Dr. Hazelwood showed "fairly severe carpal tunnel syndrom on the right," though there was "no evidence of radiculopathy or peripheral neuropathy." (Tr. 168.) Dr. Abbey treated Plaintiff over the next four years, including prescribing pain medications and performing multiple carpal tunnel releases. (Tr. 156-67.) Over the course of Dr. Abbey's treatment of Plaintiff, his descriptions of her condition demonstrated periodic declines and improvements of her condition. However, the period from 2000 through 2001 demonstrated consistent improvements, culminating in Dr. Abbey releasing Plaintiff because she was "doing satisfactory" [*sic*]. (Tr. 132-55.)

In addition to these physicians, Dr. Gordon Doss ("Dr. Doss") assessed Plaintiff's vocational disability in 2000. (Tr. 58-63.) Dr. Doss concluded, upon reviewing Plaintiff's medical record, "that Ms. Stafford has a vocational disability, or loss in earning capacity, of 55 to 60 percent." He estimated that "[m]ost jobs she could physically perform would pay from minimum wage to, at most, $6.00 per hour."

4

In 2002, Dr. Albert J. Gomez ("Dr. Gomez") completed a Medical Assessment of Ability To Do Work-Related Activities ("Medical Assessment") regarding Plaintiff and concluded that she could "occasionally lift 20-30 pounds . . . [and] stand or sit at least 6 hours in an eight-hour work day with normal breaks." (Tr. 201.)

Also in 2002, Dr. James N. Moore performed a Physical Residual Functional Capacity Assessment ("RFC") on Plaintiff and reached conclusions regarding Plaintiff's limitations that were nearly identical to Dr. Gomez. Within a month of that report, Dr. Saul A. Juliao also performed an RFC and largely concurred with the above noted conclusions of Drs. Gomez and Moore. (Tr. 242-249.)

In 2004, Plaintiff received a Pulmonary Function Report ("PFR") from the Trousdale Medical Center. (Tr. 250-252.) This report indicated Plaintiff had mild chest restriction and moderate airway obstruction.

Also in 2004, Dr. Reed determined that Plaintiff had COPD. (See Tr. 252-254.) Dr. Reed, in his Medical Assessment reported that this limited her ability to lift, carry, stand, stoop, crouch, kneel, crawl, move machinery and endure environmental factors such as dust, fumes, humidity, and temperature extremes. Dr. Reed opined that "[d]ue to her limitations regarding her hands, hearing and her breathing I do not believe she is capable of gainful employment." (Tr. 255.)

During the administrative hearing, the ALJ posed several hypothetical individuals to the government's Vocational Expert ("VE"), Dr. Kenneth Anchor ("Dr. Anchor"). (Tr. 288-293.) Each of these hypotheticals reflected various aspects of Plaintiff's personal profile and several, varied descriptions of her alleged limitations. The following two hypotheticals posed by the ALJ and the VE's responses are most relevant to the case at bar:

> Q. All right. Now at this point, let me ask specifically about upper extremity limitations. If a person has bilateral upper extremity limitations, assuming a right-hand dominant individual with the right being greater than the left in terms of limitation, so that I would want to avoid repetitive or continuous hand motion activity or gripping or grasping, would that affect this past work?
>
> A. It would affect four of the five past jobs. The one that would be least likely to be affected, assuming they have on good upper extremity – you know, even if it's non-dominant – would be the garment inspector. The other four would be hampered if there were going to be bilateral limitations with the upper extremity.
>
> Q. All right. Now there's an assessment in the record at 15F, the most recent assessment, which describes a lifting limitation at 10 lbs., frequently 5 lbs. Describes an individual who has some limitations on standing and walking. Would need an at-will change of position alternative. Sitting is not affected. Ruling out climbing, balancing. Occasionally stooping, crouching, kneeling, and crawling. There's some physical functioning limitations that relate to the upper extremities: handling,

5

reaching, feeling, pushing, pulling. And you'd assume (INAUDIBLE) would be the same, avoiding competitive or continuous activity. The environmental restrictions include ruling out those activities to which person should not have exposure to heights, moving machinery, temperature extremes, airborne irritants, extremes of temperature, humidity, vibration. A fairly comprehensive list of environmental restrictions. What's being described with that?

A. A limited range of sedentary jobs would appear to be what would meet those criteria.

Q. Could such a person perform any past work?

A. No.

Q. Rules out all past work. Could you identify work for such a person as that?

A. I don't believe I could.

(Tr. 291-92.)

## II. STANDARD OF REVIEW

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. Here, where the Plaintiff has objected to portions of the Report and Recommendation, the Court reviews those portions *de novo*. Lyons v. Comm'r of Soc. Sec., 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004).

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). This Court, therefore, is limited to determining whether substantial evidence supports the Commissioner's findings and whether the Commissioner applied the correct legal standards. Abbott v. Sullivan, 905 F.2d 918, 922 (6th Cir. 1990). If substantial evidence supports the ALJ's conclusion, this Court cannot reverse the ALJ's decision even if substantial evidence exists in the record that would have supported an opposite conclusion. See Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla of evidence, but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantiality is based upon the record taken as a whole. Houston v. Sec'y of Health & Human Servs., 736 F.2d 365, 366 (6th Cir. 1984).

## III. PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S R&R

Plaintiff argues that the ALJ failed to properly apply the treating-source rule. (Doc. 14.) Specifically,

6

Plaintiff contends that the opinion of Plaintiff's treating physician, Dr. Reed, regarding Plaintiff's alleged respiratory disability and other medical conditions was not contradicted with substantial evidence and therefore should be accorded controlling weight by the ALJ. Plaintiff further objects that the ALJ's determination was thus not based upon substantial evidence.

### A. Plaintiff's Objection to the ALJ's Reliance Upon Non-Treating Physicians' Opinions in Denying Her Claim.

Plaintiff argues that the ALJ did not accord legally-mandated weight to Plaintiff's treating physician, Dr. Reed, in denying her claim. (Doc. 14, at 2.) In particular, Plaintiff seems to contend that the ALJ relied solely upon the single report of Dr. Gomez in determining that Dr. Reed's opinion should not be accorded controlling or even substantial weight. Plaintiff argues that the ALJ erred in relying on Dr. Gomez's report based on the fact that Dr. Gomez had only seen her one time and did not have current or complete information before him when drafting his 2002 report evaluating her ability to do work-related activity. Specifically, Plaintiff points to the fact that Dr. Gomez did not consider the 2004 Pulmonary Function Report ("PFR") indicating that she suffers from COPD, whereas her treating physician, Dr. Reed, based his 2004 findings on the PFR and his knowledge of her medical conditions including COPD. (Doc. No. 14, at 2.) Moreover, Plaintiff also points to the fact that Dr. Gomez's report failed to discuss or consider all of Plaintiff's alleged disabilities, including her respiratory difficulties.

As explained by the Sixth Circuit in Wilson v. Comm'r of Social Sec., 378 F.3d 541, 544 (6th 2004), the so-called "treating source rule" generally requires the ALJ reviewing a claimant's application for benefits to accord more weight to opinions from the claimant's treating sources than to those opinions offered by non-treating sources. Moreover, "[a]n ALJ must give the opinion of a treating source *controlling weight* if he finds the opinion 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence in the case record.'" Id. (citing 20 C.F.R. § 404.1527(d)(2) (2004)) (emphasis added); see also Howard v. Comm'r of Soc. Sec., 276 F.3d 235, 240 (6th Cir. 2002) ("Provided that they are based on sufficient medical data, 'the medical opinions and diagnoses of treating physicians are generally accorded substantial deference, and if the opinions are uncontradicted, complete deference.'") (quoting Harris v. Heckler, 756 F.2d 431, 435 (6th Cir.1985)).

7

"Once the ALJ determines that a claimant does not have the [Residual Functional Capacity ("RFC")] to perform her past relevant work, the burden shifts to the Commissioner to show that the claimant possesses the capacity to perform other substantial gainful activity that exists in the national economy." Pasco v. Comm'r of Social Sec., 137 Fed.Appx. 828, 845 (6th 2005). The Commissioner may do so through the testimony of a VE. Id. (quoting Varley v. Sec'y of Health and Human Servs., 820 F.2d 777, 779 (6th 1987)) ("Substantial evidence may be produced through reliance on the testimony of a VE in response to a hypothetical question, but only 'if the question accurately portrays [claimant's] individual physical and mental impairments.'")

In considering Plaintiff's claim, the ALJ thoroughly summarized the assessment of several of Plaintiff's physicians, including Plaintiff's treating physician Dr. Reed. Therein, the ALJ specifically discussed the fact that Dr. Gomez's assessment contradicted the restrictions prescribed by Dr. Reed in that Dr. Gomez asserted that Plaintiff had far fewer restrictions on her ability to work. In this manner, Dr. Gomez's report did present substantial evidence contradicting Plaintiff's treating physician's assessment of Plaintiff's restrictions. (Tr. 199-203.)

However, Dr. Gomez's assessment was conducted in 2002, two years prior to Plaintiff's 2004 PFR indicating respiratory restrictions. Based upon the record, only after the PFR was conducted did Plaintiff's treating physician determine that Plaintiff has COPD and therefore required further work restrictions.[1] As no other physician's evaluation was conducted after the PFR, the record is devoid of other medical evidence upon which to contradict Plaintiff's treating physician. The ALJ's determination did not present any alternative arguments regarding why Dr. Reed's opinion should not be controlling or at least accorded substantial weight in the case at bar. Wilson, 378 F.3d at 544. Therefore, a determination based upon the record may only conclude that Plaintiff has work restrictions due to her COPD.

Consequently, unless other substantial evidence was admitted, Plaintiff's treating physician's opinion

---

[1] Although there is no indication in the record of when Dr. Reed determined that Plaintiff had COPD, or that Dr. Reed ordered or reviewed the PFR, Dr. Reed's Medical Assessment was completed the day after the PFR results were completed. The Court thus assumes that Dr. Reed was at least presented with the PFR, and he may have in fact ordered it. Furthermore, Plaintiff's Objections to Magistrate Judge's Report and Recommendations directly asserts this fact. (Doc. 14, at 2.) The Court notes that this assertion is undisputed by the Defendant or by evidence elsewhere in the record.

8

that she is unable to engage in gainful employment must also be accorded substantial deference. Based on a careful review of the administrative record, the Court finds that there is no substantial evidence contradicting Dr. Reed's opinion. Rather, it appears that the VE's testimony relating to Plaintiff's breathing condition, upon which the ALJ relied in part, actually supports Dr. Reed's opinion that Plaintiff is not "capable of gainful employment." (Tr. 255.) In denying Plaintiff benefits, the ALJ expressly relied upon the VE's statement that Plaintiff could work in at least one of her previous jobs as a garment inspector. (Tr. 18.) However, the VE's opinion was in response to a hypothetical that only posed Plaintiff's disability due to carpal tunnel syndrome. (Tr. 291.) When the ALJ presented the VE with a hypothetical that matched Dr. Reed's description of Plaintiff's limitations (which included the COPD diagnosis), the VE stated that not only did those restrictions bar performance of Plaintiff's previous work, but the VE could not identify any work that someone with such restrictions could perform. (Tr. 292.)

Based on a review of the record, the Court finds that Plaintiff's objection to the ALJ's application of the treating source rule is valid and the ALJ was not presented with substantial evidence that contradicted Plaintiff's treating physician's opinion regarding her disability due to COPD. Accordingly, Dr. Reed's opinion regarding Plaintiff's medical condition and ability to work is controlling and the ALJ erred in denying benefits based on other evidence.

        **B.**        **Plaintiff's Objection that Substantial Evidence Supported the ALJ's Denial of Benefits.**

As discussed above, the Court finds that the ALJ failed to properly apply the treating source rule to the facts of this case. Based on a review of the record, it is clear that the ALJ erred in finding that Dr. Reed's opinion was contradicted by substantial evidence. Accordingly, some of the ALJ's findings related to Plaintiff's ability to work are not supported by substantial evidence and Plaintiff's second objection is also sustained.

**IV.**        **CONCLUSION**

The Court has reviewed *de novo* the entire record and the pleadings, including those portions of the R&R to which Plaintiff objects. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. O. 72(b). The Court finds that some of the ALJ's findings are not supported by substantial evidence and Plaintiff's objections to the Magistrate Judge's R&R are valid. For the reasons stated above, the Magistrate's R&R is thus adopted in part, as it

9

pertains to Plaintiff's claims for DIB based on carpal tunnel syndrome. However, the Court will REJECT the Magistrate's Report as it relates to Plaintiff's claims for disability based on COPD and other medical conditions and GRANT Plaintiff's motion for judgment. The Commissioner's decision denying benefits is hereby REVERSED and this matter is REMANDED for further proceedings consistent with the opinion.

It will be so ORDERED.

Entered this the 29th day of September, 2006.

_____
Thomas A. Wiseman, Jr.
Senior United States District Judge